## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO.   4:23-cr-00453** |
| | § | |
| **SAVANNAH NICOLE VALDEZ,** | § | |
| Defendant. | § | |

### PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney

for the Southern District of Texas, and Steven Schammel, Assistant United States Attorney, and the

defendant, **SAVANNAH NICOLE VALDEZ** ("Defendant"), and Defendant's counsel, pursuant to

Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an

agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.  Defendant agrees to plead guilty to Count One of the information. Count One charges

Defendant with selling wildlife in violation of underlying federal law under the Lacy Act, in violation

of Title 16, United States Code, Section 3372(a)(1). Defendant, by entering this plea, agrees that she

is waiving any right to have the facts that the law makes essential to the punishment either charged in

the information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.  The **statutory** maximum penalty for each violation of Title 16, United States Code,

Section 3372(a)(1), is imprisonment of not more than **five** years and a fine of not more than $20,000.

Additionally, Defendant may receive a term of supervised release after imprisonment of not more

than **three** years.  *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2). Defendant

acknowledges and understands that if she should violate the conditions of any period of supervised

release which may be imposed as part of her sentence, then Defendant may be imprisoned for not

more than **two** years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a) (4) and 3583(e)(3). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to her immigration status. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

2

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

5.   Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.   Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States or the

3

Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.  *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.   The United States agrees to each of the following:

(a)      If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(b)      That the sentence in this case run concurrent with the sentence in 1:22-cr-311.

### Agreement Binding - Southern District of Texas Only

10.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea

agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices,

if requested.

### United States' Non-Waiver of Appeal

11.   The United States reserves the right to carry out its responsibilities under guidelines

sentencing. Specifically, the United States reserves the right:

(a)      to bring the facts of this case, including evidence in the files of the United
States Attorney's Office for the Southern District of Texas or the files of any
investigative agency, to the attention of the Probation Office in connection with that
office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's
counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of
the United States Sentencing Guidelines and Title 18, United States Code, Section
3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12.   Defendant is aware that the sentence will be imposed after consideration of the United

States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges

and agrees that the Court has authority to impose any sentence up to and including the statutory

maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed

is within the sole discretion of the sentencing judge after the Court has consulted the applicable

Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the

application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within

the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum

established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

13.   Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)      If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)      At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf.   If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c)      At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

**Factual Basis for Guilty Plea**

14.   Defendant is pleading guilty because she is in fact guilty of the charges contained in Count(s) One of the information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

In March 2022, Savannah Nicole Valdez was apprehended after smuggling a Mexican Spider Monkey into the United States and committing high speed flight from and immigration checkpoint. She was charged by

indictment on April 26, 2022, in cause number B-22-311 in the Southern District of Texas, Brownsville Division.  She plead guilty to one count of Smuggling Goods into the United States in violation of 18 U.S.C. § 545 and once count High Speed Flight from an Immigration Checkpoint in violation of 18 U.S.C. § 758 and on February 8, 2023, she was sentenced to time served and two-years supervised release.

During the course of the initial investigation into Valdez's activities, agents identified Valdez's cellular telephone number as 832-820-7266.

U.S. Fish and Wildlife Service Special Agents discovered several advertisements posted to craigslist offering exotic birds for sale including keel-billed toucans and yellow headed amazon parrots which are federally protected under the ESA. The contact number listed for the animals was 832-820-7266, which is Valdez's cell phone number.

On July 13, 2023, Valdez was contacted regarding the toucans and inquired how much they cost, Valdez responded $2,000 and also offered a Mexican Spider Monkey (*Ateles geoffroyi vellerosus)* for $8,500.00 USD.

On July 28, 2023, VALDEZ organized the sale of two keel billed toucans to U.S. Fish and Wildlife Service Special Agent acting in an undercover capacity. Valdez's mother arrived at Memorial City Mall in Houston, Texas to deliver the birds and accept $3,000 USD as payment. Valdez's mother admitted that the U.S. Fish and Wildlife Service had been communicating with her daughter Savannah Valdez. Valdez informed U.S. Fish and Wildlife that she had already sold the spider monkey.

7

On August 1, 2023, Valdez contacted U.S. Fish and Wildlife stating she had a spider monkey available for sale for $8,500 USD. It was later determined to a Mexican Spider Monkey. Valdez's younger sisters arrived at a gas station in Katy, Texas to deliver the spider monkey and accept payment for the monkey on Valdez's behalf.

One of the sisters was interviewed and provided consent to search her cellular telephone. The search revealed that she had used her Facebook Messenger account to communicate with Valdez to deliver the spider monkey on Valdez's behalf.

At no time was Valdez licensed as a dealer of nonhuman primate monkeys as required by Title 7 U.S.C. § 2133

The animal involved, a Mexican Spider Monkey, is a covered animal pursuant to Title 7 U.S.C. § 2132(g).

**Breach of Plea Agreement**

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

8

**Monetary Penalties, Assets and Financial Disclosures**

16.   Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17.   Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

**Financial Statement**

18.   Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

19. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Complete Agreement**

20.   This written plea agreement, consisting of 12 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that she is pleading guilty freely and voluntarily because she is guilty.

21. Any modification of this plea agreement must be in writing and signed by all parties.


Filed at ___Houston___, Texas, on ___October 4___, 2023

_____
Defendant

Subscribed and sworn to before me on ___October 4___, 2023

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Alamdar S. Hamdani
United States Attorney

By: _____
Assistant United States Attorney
Southern District of Texas

_____
Attorney for Defendant

11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| SAVANNAH NICOLE VALDEZ, | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant her rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        _10/04/2023_____
Attorney for Defendant                                  Date

I have consulted with my attorney and fully understand all my rights with respect to the information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____        _10/04/2023_____
Defendant                                               Date

12